■ Mark L. Thompson et al., Respondents, v Community Health Plan, Latham Regional Center et al., Appellants.— Casey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered August 15, 1990 in Albany County, which denied defendants' motion for summary judgment dismissing the complaint.

In this medical malpractice action, defendants concede that the affidavits of the parties' medical experts raise a question of fact as to whether there was a departure from accepted medical practice in defendants' failure to order a CT scan immediately following the April 25, 1984 examination of plaintiff Mark L. Thompson (hereafter plaintiff) at defendants' facility. Nevertheless, defendants maintain that their motion for summary judgment should have been granted because their expert's affidavit states that the course of treatment, prognosis and current condition of plaintiff would have been the same if his brain tumor had been diagnosed as a result of the April 25, 1984 visit, instead of some six weeks later in June 1984. Since the affidavit of plaintiff's expert does not discuss this issue, defendants contend that plaintiff failed to satisfy his burden in opposing defendants' summary judgment motion. We agree with plaintiff, however, that a question of fact has been raised by the allegation in plaintiff's affidavit that he experienced physical symptoms, as well as anxiety over his condition, during the period following April 25, 1984 until the tumor was surgically removed in June 1984. The affidavit of defendants' expert did not rule out the alleged departure from accepted medical practice on April 25, 1984 as a proximate cause of the physical symptoms and anxiety experienced by plaintiff between April 25, 1984 and the date of the operation.

Nevertheless, we are of the view that defendants are entitled to partial summary judgment limiting plaintiff's recovery, in the event that defendants' liability is established at trial, to damages sustained prior to the date of the operation (see, CPLR 3212 [e], [g]). As previously noted, defendants submitted proof in evidentiary form that the course of treatment and prognosis for plaintiff, as well as his postoperative condition, would have been the same even if the brain tumor had been diagnosed as a result of his April 25, 1984 visit to defendants' facility. In opposition to the motion, plaintiff offered no proof that he is suffering from any postoperative condition that is attributable to defendants' alleged departure from accepted medical practice. Indeed, plaintiff's affidavit makes no mention of any postoperative complaint or condition.

Mahoney, P. J., Weiss and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by granting defendants' motion for summary judgment to the extent that if defendants' liability is established at trial, the issue of damages shall be limited to those damages sustained during the period prior to the surgical removal of the tumor

from the brain of plaintiff Mark L. Thompson, and, as so modified, affirmed.